NOTICE

Decision filed 12/04/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230878-U

NO. 5-23-0878

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Coles County. |
| | ) | |
| v. | ) | No. 23-CF-500 |
| | ) | |
| TREVOR CLARK, | ) | Honorable |
| | ) | Brien J. O'Brien, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Cates and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*: The defendant failed to properly articulate several of his claims in accordance with Rule 604(h), thereby resulting in forfeiture. Further, as to the remaining claims, the circuit court's order detaining the defendant was not an abuse of discretion where the trial court's determinations were not unreasonable or arbitrary.

¶ 2    The defendant, Trevor Clark, appeals the circuit court of Coles County's October 10, 2023, order regarding the defendant's pretrial release pursuant to Public Act 101-642 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Acts 101-652, § 10-255, 102-1104, § 70 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023).

_____

[1]The Act has been sometimes referred to as the "SAFE-T Act" or the "Pretrial Fairness Act." Neither name is official, as neither appears in the Illinois Compiled Statutes or the public act. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

¶ 3                                    I. BACKGROUND

¶ 4     On October 10, 2023, the defendant was charged by information with reckless discharge of a firearm (720 ILCS 5/24-1.5(a) (West 2022)), a Class 4 Felony, in Coles County case No. 2023-CF-500. That same day, the State timely filed a verified "Petition to Deny Pretrial Release" (the Petition), wherein the State alleged, *inter alia*, that the defendant committed two successive drive-by shootings. The State further alleged that defendant fired 9-millimeter ammunition from a vehicle and that "a stray round was found approximately half of a block away, lodged in a separate piece of property, unrelated to this incident." The State indicated it would provide a proffer at the hearing on the Petition pursuant to section 110-6.1(f)(2) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1(f)(2) (West 2022)).

¶ 5     On October 10, 2023, the trial court held a pretrial release hearing. After considering the State's proffer, including People's Exhibit No. 1 (an affidavit of Detective Alex Hesse), and the arguments of counsel, the trial court entered a written "Order for Detention" (the Order). In the Order, the trial court detained the defendant, finding "by clear and convincing evidence that: the proof is evident or the presumption great that defendant committed a qualifying offense listed in paragraphs (1) through (7) of 725 ILCS 5/110-6.1(a), **and** the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case *** **and** no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons" as required by section 110-6.1(e) of the Code (*id.* § 110-6.1(e)).

¶ 6     The defendant timely filed a notice of appeal on October 10, 2023, which utilized the Notice of Pretrial Fairness Act Appeal 604(h) (Defendant as Appellant) standardized form provided by the Illinois Supreme Court. The notice of appeal indicated defendant was appealing

the Order. The box for "Denying petition to revoke pretrial release" was checked in the section of the notice of appeal for nature of the order being appealed, and the relief requested was "Reverse the decision of the trial court denying pre-trial release." The notice of appeal stated as grounds for relief:

(1) The State failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offense(s) charged. No further explanation regarding this ground was provided.

(2) The State failed to meet its burden of proving by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case. The defendant explained, "The court erroneously found that the Defendant had access to weapons despite the fact that the weapons alleged to have been used in this event were recovered by law enforcement. No evidence exists that the Defendant poses [*sic*] access to any other firearm."

(3) The State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or defendant's willful flight. The defendant contended, "The State failed to show any evidence why less restrictive conditions such as electronic monitoring or the use of a GPS bracelet would not mitigate any real and present threat. The Court erred in making this finding as the statute does not require an elimination of the threat, only a mitigation of said perceived threat."

(4) The court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor. The defendant argued, "The State failed to show any evidence why less restrictive conditions such as electronic monitoring or the use of a GPS bracelet would not reasonably ensure the appearance of the defendant or prevent new charges being filed against the defendant."

(5) The defendant was denied an opportunity for a fair hearing prior to the entry of the order denying or revoking pretrial release. The defendant asserted, "The defendant was arrested at approximately 1:10 p.m. on October 6, 2023. On October 8, 2023 at approximately 8:25 a.m. the State advised via text message that they intended to detain the defendant. On October October [*sic*] 9, 2023 at 1:46 p.m. the state advised 'no additional detention hearings' when advising about the arrests of two unrelated individuals/cases. At 7:10 a.m. on October 10, 2023, the State finally tendered the Petition to Deny Pretrial Release and associated documents. The State did not provide the alleged statement of the defendant nor of any of his alleged codefendants at any time."

(6) Under "Other (explain)." the defendant also argued, "The State's original Verified Petition contained a significant error and should not have been considered by the Court. The State had ample opportunity to correct the erros [*sic*] and file a subsequent petition but has failed to do so. The original Petition should not have been considered in that it alleged the sworn synopsis of Detective Michael Johnson was attached. No synopsis of Detective Johnson was attached or provided to this defendant."

¶ 7    The Office of the State Appellate Defender entered its appearance on October 23, 2023, and filed a notice "In Lieu of Rule 604(h) Memorandum" on October 31, 2023. We note that under Illinois Supreme Court Rule 604(h)(2) (eff. Sept. 18, 2023), a supporting memorandum is not required. We now turn to our analysis and additional facts will be included below where necessary.

¶ 8                                    II. ANALYSIS

¶ 9    First, we begin our analysis by determining which issues raised by the defendant are properly before us. While we acknowledge that under Rule 604(h)(2), a supporting memorandum is not required, as explained in *People v. Inman*, 2023 IL App (4th) 230864, despite this new rule, the long-held principles articulated in Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) and related Illinois case law regarding appeals in Illinois have not been eradicated and still apply.

> "As a matter of practicality, Rule 341 cannot govern here, but we should not ignore the principles producing the rule—namely, coherent argument and analysis supported by proper record citations and legal authorities. Even the new Rule 604(h) requires the notice of appeal to include a description of the relief to be requested '*and the grounds for the relief requested*.' (Emphasis added.) Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023). This would appear to mean some form of argument is required, along with justification for claiming entitlement to relief—like references to the record, the evidence presented, or, if possible, legal authority." *Id.* ¶ 12.

The *Inman* court continued:

> "There is a well-established principle: 'A reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented. The appellate court is not a depository in which the appellant may dump the burden of argument and research.' (Internal quotation marks omitted.) [*People v.*] *Macias*,

2015 IL App (1st) 132039, ¶ 88. By this we do not mean to say a memorandum as described in Rule 604(h)(2) is required or expected in every case. However, it is reasonable to conclude the Illinois Supreme Court, by approving the notice of appeal form, expects appellants to at least include some rudimentary facts, argument, or support for the conclusory claim they have identified by checking a box. Even without the application of Rule 341, we doubt Rule 604(h) now requires the appellate court to act as an advocate or seek error on the appellant's behalf—something heretofore expressly forbidden. See *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459, 920 N.E.2d 515, 535 (2009) (citing *Obert v. Saville*, 253 Ill. App. 3d 677, 682, 624 N.E.2d 928, 931 (1993))." *Id.* ¶ 13.

¶ 10 Here, the defendant offers no explanation or argument whatsoever relating to his first claim that (1) "[t]he State failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offense(s) charged." Thus, on this point, the defendant has failed to comply with Rule 604(h) and has forfeited this point. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited ***.").

¶ 11 Additionally, as to the defendant's final two claims (5) "[d]efendant was denied an opportunity for a fair hearing prior to the entry of the order denying or revoking pretrial release" and (6) "Other (explain)," the defendant merely alleged the facts as quoted above. However, the defendant fails to cite to the record, make any cognizant legal argument, or support his contentions with any legal authority by which this court could grant him the relief which he seeks. Thus, we also find these two claims to be insufficient under Rule 604(h), and thus, forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited ***.").

¶ 12 Assuming *arguendo* that we were to find the facts alleged to be sufficient under Rule 604(h), we would note that in regard to claim (5) the Code specifically provides, "[a] petition may

6

be filed without prior notice to the defendant at the first appearance before a judge." 725 ILCS 5/110-6.1(c)(1) (West 2022). And in regard to claim (6), the defendant seems to indicate that the trial court should have been barred from considering the State's petition because the petition referenced the wrong detective, Michael Johnson, and indicated that there was a sworn statement by Detective Johnson which was attached. However, during the hearing, when this issue was raised by defense counsel, the State clarified on the record, "I just mixed up Alex Hesse, Detective Alex Hesse was the author of the Sworn Synopsis and which is attached and accurate. I misstated that in my Petition I agree." Thus, the discrepancy was explained in open court at the hearing and the correct affidavit was attached for the trial court to consider. As previously noted, the defendant fails to articulate a legal argument as to how he was prejudiced by this scrivener's error and fails to produce any legal authority which would support a reversal of his detention based upon it, and this court is not aware of any.

¶ 13    Now, having determined the remaining three claims to be sufficiently brought before us pursuant to Rule 604(h), we turn to our analysis of them.

> "According to our supreme court, the Act ushered in a new reality for pretrial release. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 39 n.3. The new provisions of the Code, however, cannot function independently from the larger, longstanding body of law governing appeals. We address as a matter of first impression the language and application of the provisions of the Code, as amended by the Act, relating to pretrial detention and appeals therefrom, particularly the standard of review and appellate procedure. We have historically reviewed bail appeals under Illinois Supreme Court Rule 604(c)(1) (eff. Sept. 18, 2023) using an abuse of discretion standard. *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9, 143 N.E.3d 833. 'An abuse of discretion occurs when the circuit court's

7

decision is "arbitrary, fanciful or unreasonable," or where "no reasonable person would agree with the position adopted by the [circuit] court." ' *Simmons*, 2019 IL App (1st) 191253, ¶ 9 (quoting *People v. Becker*, 239 Ill. 2d 215, 234, 940 N.E.2d 1131, 1142 (2010)); see *People v. Johnson*, 2019 IL App (3d) 190582, ¶ 8, 147 N.E.3d 756 ('We will review the decision of the [circuit] court [on a motion for review under Rule 604(c)] for an abuse of discretion.').

Rule 604(h), as amended due to the Act, provides a new procedure for these appeals. See Ill. S. Ct. R. 604(h) (eff. Sept. 18, 2023). But the Act neither mandates nor suggests a different standard of review. A defendant appealing under Rule 604(h) may claim the State failed to fulfill its burden by 'clear and convincing evidence.' See Ill. S. Ct. R. 604(h)(1)(iii) (eff. Sept. 18, 2023). However, we are not reviewing the State's evidence anew. Instead, we are reviewing the circuit court's evaluation of that evidence for an abuse of discretion. '[W]e will not substitute our own judgment for the trier of fact on issues regarding the weight of the evidence or the credibility of the witnesses.' *People v. Vega*, 2018 IL App (1st) 160619, ¶ 44, 123 N.E.3d 393. Under the Code, the circuit court was invested with the responsibility to consider the various factors listed in section 110-6.1(g) (real and present danger), as well as those in section 110- 6.1(a)(1)-(8) (feasibility of less restrictive conditions) before finding detention to be appropriate. '[I]n reviewing the circuit court's ruling for an abuse of discretion, we will not substitute our judgment for that of the circuit court, "merely because we would have balanced the appropriate factors differently." ' *Simmons*, 2019 IL App (1st) 191253, ¶ 15 (quoting *People v. Cox*, 82 Ill. 2d 268, 280, 412 N.E.2d 541, 547 (1980))." *Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11.

¶ 14    The defendant's first remaining claim, claim (2), is that "[t]he State failed to meet its burden of proving by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case." The defendant explains his position by stating, "The court erroneously found that the [d]efendant had access to weapons despite the fact that the weapons alleged to have been used in this event were recovered by law enforcement. No evidence exists that the [d]efendant poses access to any other firearm."

¶ 15    Despite the defendant's contention, the trial court was not required to find that the defendant had access to weapons in order to ultimately find him to be a real and present threat to the community or person(s). Under section 110-6.1(g) of the Code (725 ILCS 5/110-6.1(g) (West 2022)), the trial court is provided with several factors to consider in making its decision regarding a defendant's dangerousness. The trial court then analyzes those factors within the context of the specific facts of the case. "Whether the defendant is known to possess or have access to any weapon or weapons" is merely one factor to be considered under section 110-6.1(g) (*id.*). Again, we review whether the trial court properly considered one of the factors under the abuse of discretion standard. *People v. Simmons*, 2019 IL App (1st) 191253, ¶¶ 9, 15. An abuse of discretion occurs when the trial court's decision is arbitrary, fanciful, or unreasonable, or where no reasonable person would agree with the decision. *Id.* ¶ 9.

¶ 16    Here, the trial court found the following in its order:

"the evidence shows the defendant[']s actions were violent in nature, or included the use or threat of a weapon;

the defendant's prior criminal history indicates violent, abusive or assaultive behavior;

9

statements made by, or attributed to the defendant, together with the circumstances surrounding them poses a clear threat of harm to the named victim;

there is evidence that the defendant has access to weapons;

the defendant was on probation, parole, aftercare release, mandatory supervised release or other release from custody pending trial, sentencing, appeal or completion of sentence for an offense under federal or state law."

¶ 17    The evidence presented was that the defendant participated in a drive-by shooting within the city limits of Mattoon, Illinois. Not only did the defendant participate, and himself fire shots out of the vehicle, but following the shooting, the defendant left and then returned a second time to conduct a second drive-by shooting at the same location. The affidavit of the investigating officer indicated that there are ongoing issues between the defendant and another group of individuals and that the issues "have not been resolved and have only escalated." These issues between the groups have resulted "in multiple shots being fired at multiple residences." Additionally, it was noted during the hearing that "stray bullets wound up about a half a block away in another person's property that was not related to this incident." Further, the defendant has an extensive criminal history of violent crimes, and he participated in the drive-by shooting while awaiting sentencing for residential burglary and theft. Thus, the circuit court's determination of dangerousness and how it weighed the relevant factors was not an abuse of discretion.

¶ 18    The defendant in his last two remaining claims, (3) and (4), contends essentially that the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, or reasonably ensure his appearance for later hearings. In support of these arguments the defendant contends that "[t]he State failed to show any evidence why less

10

restrictive conditions such as electronic monitoring or the use of a GPS bracelet would not mitigate any real and present threat. The Court erred in making this finding as the statute does not require an elimination of the threat, only a mitigation of said perceived threat," and "[t]he State failed to show any evidence why less restrictive conditions such as electronic monitoring or the use of a GPS bracelet would not reasonably ensure the appearance of the defendant or prevent new charges being filed against the defendant."

¶ 19    In reaching its determination as to these matters, the trial court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; (4) the nature and seriousness of the specific, real and present threat to any person that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a) (West 2022). The statute lists no singular factor as dispositive. *Id*.

¶ 20    As previously stated in our analysis of claim (2), the trial court found that a variety of factors supported denial of pretrial release. On the record, the trial court stated the following in making its determination regarding conditions:

> "I further find that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons. In support of that finding the evidence shows that defendant's were—actions were violent in nature and included the use of a weapon. The defendant's prior criminal history indicates violent, abusive, or assaultive behavior. Statements made by or attributed to the defendant together with the circumstances surrounding them pose a clear threat of harm to the named victim in this case [G.B.]. There is evidence that the defendant has access to weapons. Not only as a result of this incident but other charges that are pending and the defendant was on release

11

from custody pending trial or—and sentencing in this case for other offenses. It is clear that there is a pattern of escalating criminal behavior that seems to be becoming more severe in nature. For all of those reasons I grant the Petition to Deny Pretrial Release."

¶ 21 In light of our review of the record, we find that the trial court's findings were not unreasonable, arbitrary, or fanciful. Nor were they unsupported or rebutted by the record. The trial court clearly contemplated possible conditions that could have been ordered but decided that given the violent criminal history of this individual, the defendant's disregard for the law or safety of others (even while awaiting sentencing for other serious criminal convictions), and in light of the escalating nature of the offenses, these conditions were not viable.

¶ 22                                  III. CONCLUSION

¶ 23 For the foregoing reasons, we find that the trial court did not abuse its discretion in its issuance of the October 10, 2023, order detaining the defendant.


¶ 24 Affirmed.