2023 IL App (1st) 231897-U

THIRD DIVISION
December 27, 2023

No. 1-23-1897B

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 MC 1112426 |
| | ) | |
| IVAN PERALTA, | ) | Honorable |
| | ) | Barbara L. Dawkins, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAN TINE delivered the judgment of the court.
Presiding Justice Reyes and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    ***Held***:  We reverse and remand this matter brought pursuant to the Pretrial Fairness Act (Public Act 101-652 (eff. Jan. 1, 2023)), where the circuit court failed to provide a written summary explaining why less restrictive means would be insufficient to mitigate the threat defendant's release would present, as required under subsection 110-6.1(h)(1) of the Code of Civil Procedure. 725 ILCS 5/110-6.1(h)(1) (West Supp. 2023).

¶ 2    Defendant-appellant Ivan Peralta has filed a Pretrial Fairness Act (PFA) appeal under

Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023) from the circuit court's order entered on

October 3, 2023, which denied his pretrial release. The State charged Peralta with first degree murder and attempt first degree murder after Peralta shot two men on a Chicago city street, killing one of them and injuring the other. At the pretrial detention hearing, the circuit court held that the State had met its burden and proved by clear and convincing evidence that Peralta is ineligible for pretrial release. Peralta appeals. For the following reasons, we reverse and remand.

¶ 3                                    BACKGROUND

¶ 4      On the night of September 30, 2023, Peralta and his uncle were involved in a physical altercation with a group of men outside of a liquor store in Chicago. Peralta has tendered a 56-second video of the incident from a nearby security camera that shows the events immediately prior and subsequent to the shootings outside of the liquor store. A man punches Peralta's uncle in the face. Peralta then shoots that man and another man who had not struck the uncle. One of the men died and the other survived the incident. At the time of the incident, Peralta held a valid firearm owner's identification card and concealed carry license.

¶ 5      Based on the events of September 30, the State has charged Peralta with first degree murder and attempt first degree murder. Pretrial services assigned Peralta a score of 2 out of 6 on the "new criminal activity" scale, and a 1 out of 6 on the "failure to appear" scale. The State successfully petitioned the circuit court for defendant's pretrial detention. The court found the following: (1) the proof was evident or the presumption was great that defendant has committed an offense that qualified for pretrial detention because there is a video of defendant firing multiple shots at a group of people during an altercation; (2) defendant's release would pose a real and present threat to the safety of a person, persons, or the community, as he is seen discharging a firearm into a group of people, which is a disproportionate response to the threat in this incident; and (3) no condition or combination of conditions of pretrial release can mitigate that threat as he is seen firing multiple

shots on a city street in connection with an altercation at a liquor store, and his pretrial services investigation score corresponded with a "3". Peralta appeals all three findings.

¶ 6                                                   ANALYSIS

¶ 7     On appeal, Peralta argues that he should be released from pretrial detention because the State failed to prove, by clear and convincing evidence, that (1) he committed murder or attempted to commit murder because he acted in self-defense; (2) he is a danger to any person or the community; and (3) no less restrictive conditions, such as electronic monitoring, required reporting to pretrial services, and curfew, could mitigate the threat he poses to other persons and the community.

¶ 8     In response, the State argues that the circuit court did not abuse its discretion in deciding to detain Peralta after finding that his conduct satisfied the three elements of the PFA inquiry. In essence, the State rehashed the court's verbal and written findings, in which the court briefly noted each element and why Peralta satisfied it. The State did not address whether the court fulfilled its obligation to provide a written summary explaining why or why not less restrictive conditions could mitigate the threat Peralta presents.

¶ 9     In considering this appeal, this court has reviewed Peralta's notice of appeal, as well as his supporting recording, supporting memorandum, and the 56-second video clip of the shooting he tendered. We have also reviewed the State's response to Peralta's memorandum.

¶ 10    Under section 110 of the Code of Civil Procedure, all defendants are presumed to be eligible for pretrial release, unless the State can show, by clear and convincing evidence, that a particular defendant should be denied pretrial release. 725 ILCS 5/110-6.1(e) (West Supp. 2023). Clear and convincing evidence is "that quantum of proof that leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition in question." *In re Tiffany W.*, 2012 IL

App (1st) 102492-B, ¶ 12. To detain a defendant prior to trial, the State must show, by clear and convincing evidence, that (1) the proof is evident or the presumption great that the defendant has committed a qualifying offense, (2) the defendant's pretrial release poses a real and present threat to the safety of the community, and (3) that less restrictive conditions would not avoid that threat. 725 ILCS 5/110-6.1(d), (e) (West Supp. 2023). If the trial court determines that the defendant should be denied pretrial release, the court is required to make written findings summarizing the reasons for denying pretrial release. *Id.* § 110-6.1(h).

¶ 11    In support of its finding as to the first element, the circuit court noted that "Defendant is on video firing multiple shots at a group of people during an altercation." We find it evident that, based on the video footage, defendant did commit qualifying offenses by discharging a firearm into a group of men, killing one and injuring another. Both first degree murder and attempt first degree murder are qualifying offenses under subsection 110-6.1(a) of the Code. 725 ILCS 5/110-6.1(a) (West Supp. 2023). We agree, as the circuit court pointed out on the record, that shooting multiple people in response to one of those people throwing a punch is disproportionate and therefore cannot qualify as self-defense. Accordingly, Peralta likely cannot negate the murder charge by claiming self-defense. Thus, at the very least, the presumption is great that Peralta committed the charged offenses.

¶ 12    As to the second element, the circuit court noted that "Defendant fired multiple shots into a crowd during/after a physical altercation which was a disproportionate response to the threat. Defendant's PSI level corresponds with a level 3." Again, based on the video footage, it is evident that Peralta poses a real and present threat to other people and the community at large. The video shows Peralta discharging his gun into a group of people on a busy Chicago street. During the 56-second video, at least four vehicles drive down the street adjacent to the liquor store, and at least

one pedestrian can be seen in the area. If Peralta had missed his intended targets, there is a real chance that an errant bullet could have struck one of the vehicles, or a nearby pedestrian. Based on the foregoing, Peralta poses a real and present threat.

¶ 13    As to the third element, the circuit court stated that "Defendant fired multiple shots on a city street [illegible] to an altercation at a liquor store. His PSA score corresponds with a 3." We find that this explanation falls short of the requirements of subsection 110-6.1(h)(1), which mandate a "written finding summarizing the court's reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." 725 ILCS 5/110-6.1(h)(1) (West Supp. 2023). Here, there is no indication in the court's verbal ruling or written order that it considered less restrictive conditions, let alone an explanation of why less restrictive conditions would not mitigate the threat. We therefore remand the matter to the circuit court to reconsider its decision on this element. On remand, we instruct the circuit court to make written findings explaining why less restrictive conditions would not mitigate the threat Peralta poses, should the court decide to detain him. To be clear, we express no opinion on what the ultimate decision on this third element ought to be. Rather, we direct the circuit court to consider the possibility of less restrictive conditions under subsection 110-10(b), and explain why or why not such alternatives would be effective to mitigate the threat Peralta poses.

¶ 14                                     CONCLUSION

¶ 15    For the foregoing reasons, we reverse the judgment of the circuit court, and remand the matter for consideration consistent with this order.

¶ 16    Reversed and remanded.