NOTICE

Decision filed 01/12/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230877-U

NO. 5-23-0877

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 23-CF-1663 |
| | ) | |
| JUSTIN M. ODEHNAL, | ) | Honorable |
| | ) | Sara L. Rice, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE VAUGHAN delivered the judgment of the court.
Justice McHaney concurred in the judgment.
Justice Boie dissented.

**ORDER**

¶ 1    *Held*:    Because the trial court failed to explain why less restrictive conditions would not mitigate the threat posed by defendant, as required by 725 ILCS 5/110-6.1(h)(1) (West 2022), we reverse and remand for compliance with section 110-6.1(h)(1).

¶ 2    Defendant, Justin M. Odehnal, appeals the trial court's order denying him pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq.* (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Acts 101-652, § 10-255, 102-1104, § 70 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting

---

[1]The press and politicians have also sometimes referred to the Act as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act.

1

stay and setting effective date as September 18, 2023). For the following reasons, we reverse and remand for further proceedings.[2]

¶ 3                                     I. BACKGROUND

¶ 4        On September 27, 2023, defendant was charged with violation of an order of protection pursuant to section 12-3.4(a) of the Criminal Code of 2012 (720 ILCS 5/12-3.4(a) (West 2022)) in St. Clair County, Illinois. The same day, the State filed a verified petition to deny pretrial release, pursuant to section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)).

¶ 5        On September 28, 2023, the trial court held a hearing on the State's petition. After argument from the parties, the court found the charged offense was detainable pursuant to the Code. The court further found, by clear and convincing evidence, the proof is evident or presumption great that the defendant committed a qualifying offense. In making its determination for pretrial detention, the court stated it was taking into consideration the statutory factors, specifically noting the nature and circumstances of the current offense as charged, the weight of evidence against defendant, the history and characteristics of defendant, and the nature and seriousness of the real and present threat to the safety of the victim posed by defendant's release. It then found, by clear and convincing evidence, that defendant posed a real and present danger or threat to the safety of any person or the community, there were no conditions or a combination of conditions that could mitigate the real and present danger or threat that defendant posed, and less restrictive conditions would not ensure the safety of the community or ensure his appearance in court.

---

[2]Pursuant to Illinois Supreme Court Rule 604(h)(5) (eff. Dec. 7, 2023), our decision in this case was due on or before December 12, 2023, absent a finding of good cause for extending the deadline. Based on the high volume of appeals under the Act currently under the court's consideration, as well as the complexity of issues and the lack of precedential authority, we find there to be good cause for extending the deadline.

2

¶ 6    The court also issued a pretrial detention order on September 28, 2023. The order was a two-page preprinted form with check-the-box/fill-in-the-blank options. The relevant portion of form stated,

> "The Court further finds by clear and convincing evidence and for reasons set forth on the record the following:
>
> * * *
>
> Less restrictive conditions [WOULD/WOULD NOT] ensure the safety of the community or ensure Defendant's appearance in court."

With respect to this finding, the court selected "WOULD NOT."

¶ 7                                II. ANALYSIS

¶ 8    On appeal, defendant claims that the trial court abused its discretion in finding there were no conditions of release that would mitigate his alleged dangerousness, as the evidence showed that the violation of the order of protection was based on an unintentional run-in at a public place. Defendant contends that electronic monitoring would limit his movement and prevent similar encounters. We, however, cannot address defendant's argument because the court did not comply with section 110-6.1(h)(1) of the Code (725 ILCS 5/110-6.1(h)(1) (West 2022)).

¶ 9    Pretrial release is governed by the Act as codified in article 110 of the Code (*id.* § 110-1 *et seq.*). A defendant's pretrial release may only be denied in certain statutorily limited situations. *Id.* §§ 110-2(a), 110-6.1. After filing a timely verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense; that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk; and that less restrictive conditions would not avoid a real and present threat to the safety

3

of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e), (f). If the trial court determines that the defendant should be denied pretrial release, the court is required to make written findings summarizing the reasons for denying pretrial release. *Id.* § 110-6.1(h)(1).

¶ 10    Section 110-6.1(h)(1), in relevant part, provides:

> "(h) Detention order. The court shall, in any order for detention:
>
> (1) make a written finding summarizing the court's *reasons* for concluding that the defendant should be denied pretrial release, including *why* less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case ***." (Emphases added.) *Id.*

¶ 11    Nowhere does the preprinted order state why less restrictive conditions would not ensure the safety of the victim or the community. At the detention hearing, the court only noted the applicable statutory factors in determining defendant's dangerousness (*id.* § 110-6.1(g)) and failed to provide any explanation as to why, under the pertinent facts, less restrictive means would not ensure the safety of the victim or the community. The State also made no argument regarding why less restrictive means would not ensure the safety of the victim or the community.

¶ 12    Based on our review of the record, we find that the trial court's order failed to comply with section 110-6.1(h)(1). The trial court's failure to include the required summary of its reasons for denying pretrial release precludes this court from determining whether the court erred in denying defendant pretrial release.

4

¶ 13                                III. CONCLUSION

¶ 14    The trial court failed to provide a written or verbal explanation as to why less restrictive conditions would not mitigate the threat posed by defendant. We therefore reverse and remand for compliance with section 110-6.1(h)(1) of the Code.

¶ 15    Reversed and remanded.

¶ 16    JUSTICE BOIE, dissenting:

¶ 17    Although I agree with the majority that the form order utilized by the trial court is arguably deficient and should be modified for the inclusion of the specific facts and/or reasoning utilized by the trial court, I respectfully dissent. When addressing the trial court's findings, the form order specifically stated as follows: "The Court further finds by clear and convincing evidence and *for the reasons set forth on the record* the following: ***." (Emphasis added.) In prior decisions by this court, it has been determined that remand was required when the trial court's detention order and report of proceedings was devoid of the trial court's recital of the specific, articulable facts it considered in rendering its ruling. See *People v. Scott*, 2013 IL App (5th) 230834-U, ¶¶ 16-18 (reversed and remanded where trial court did not enter sufficient findings in docket entry ordering detention or on the record); see also *People v. Dallefeld*, 2023 IL App (4th) 230925-U, ¶¶ 18, 21 (vacated and remanded where trial court's oral and written rulings fell short of complying with section 110-6.1 requirements). That is not the case here.

¶ 18    In this particular case, after hearing the State's proffer of the evidence and arguments of counsel, the trial court then made extremely detailed, fact specific findings, regarding the factors it considered in denying the defendant's pretrial release. The trial court's ruling encompasses over four pages of the transcript of the hearing. After making its specific findings, the trial court stated:

"Therefore, taking the statutory factors into consideration, the court finds by clear and convincing evidence that this defendant does currently pose a real and present danger or threat to the safety of any person or the community and there are no conditions at this time or a combination of conditions that can mitigate the real and present danger or threat the defendant poses on any persons or the community, and that less restrictive conditions would not ensure the safety of the community or ensure his appearance in court."

¶ 19   The majority states, "At the detention hearing, the court only noted the applicable statutory factors in determining defendant's dangerousness (*id.* § 110-6.1(g)) and failed to provide any explanation as to why, under the pertinent facts, less restrictive means would not ensure the safety of the victim or the community." *Supra* ¶ 11. The trial court, however, noted defendant's three separate pleas of guilty to misdemeanor Class A domestic batteries against the same victim, the current violation of the order of protection, and that the trial court had serious concerns for the safety and protection of the victim since it was clear that it had not gotten through to the defendant "that he needs to stay away from this person." Thereafter, the trial court made its finding that defendant posed a real and present danger or threat to the safety of any person or the community and that less restrictive conditions would not ensure the safety of the community.

¶ 20   My colleagues appear to take issue with the fact that the trial court did not make separate findings, first regarding the threat the defendant posed and then why less restrictive conditions other than detention would not be appropriate in this matter. I acknowledge that the statutory factors applicable to dangerousness and conditions of release may be somewhat different for these findings; however, a common-sense review indicates that they are extremely similar overall. In my opinion, the trial court need not recite the exact reasoning twice during its oral pronouncement

6

where, as it did here, it relies on the same facts in weighing the required factors and, thereby, its ultimate decision regarding detention.

¶ 21    In *In re Madison H.*, 215 Ill. 2d 364 (2005), our supreme court considered a similar writing requirement under section 2-27(1) of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/2-27(1) (West 2002)). The supreme court looked at the purpose of section 2-27(1) of the Act, finding that it required the court to put the factual basis for its finding that a parent is unfit or unable to care for, protect, train, or discipline his or her child "in writing." *In re Madison H.*, 215 Ill. 2d 364; 705 ILCS 405/2-27(1) (West 2002). The supreme court engaged in statutory construction to determine the intent of the legislature and found that the writing requirement contained in section 2-27(1) of the Act "exists to give the parties notice of the reasons forming the basis for the removal of the child and to preserve this reasoning for appellate review." *In re Madison H.*, 215 Ill. 2d at 372-75. The supreme court found that explicit oral findings stated during a dispositional hearing advise the parties of the basis for the removal of the minor and, once transcribed, provide an equal opportunity to review the validity of the findings on appeal as well as written findings contained in an order. *Id.*

¶ 22    Although the supreme court in *In re Madison H.* was construing a different statute, I do not believe there are considerations that would lead to a different result in the construction of the writing requirement here. I similarly believe that, in fashioning the writing requirement in the Code, it is unlikely that the legislature meant to include the formalistic technical requirement suggested by the majority. In my view, under the specific facts of this case, the written order viewed in conjunction with the circuit court's explicit and fact-specific oral findings were sufficient to comply with the Code's writing requirement. This construction does nothing to

impede the defendant in his detention hearing or an appeal therefrom, and thus the defendant would suffer no prejudice by this construction.

¶ 23    As such, in this particular case, I believe the trial court's written order, taken in conjunction with the specific findings stated on the record, was sufficient to properly comply with section 110-6.1(h)(1) and I would affirm the trial court's order. Accordingly, I respectfully dissent.