2024 IL App (1st) 232355-U

SIXTH DIVISION

March 5, 2024

No. 1-23-2355B

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Nos. 21 CR 0088901 21 CR 0089001 |
| ERNESTO ZAVALA, | ) ) | Honorable |
| Defendant-Appellant. | ) ) ) | Jennifer F. Coleman, Judge, presiding. |

JUSTICE C.A. WALKER delivered the judgment of the court.
Presiding Justice Oden Johnson and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1    *Held:* The circuit court's pretrial detention order is reversed and remanded where the court did not make the required statutory findings regarding whether any condition or combination of conditions could mitigate the real and present threat defendant posed to a person, persons, or the community.

¶ 2 Defendant Ernesto Zavala appeals from the circuit court's order continuing his pretrial detention per article 110 of the Code of Criminal Procedure of 1963, as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023) and Public Act 102-1104, § 70 (eff. Jan. 1, 2023) (the Act). On appeal, Zavala argues that the court erred in ordering his pretrial detention because the State failed to meet its burden to prove by clear and convincing evidence that: (1) the proof was evident, or the presumption great, that he committed the offense charged; (2) he poses a real and present threat to the safety of any person or persons or the community based on the specific articulable facts of the case; and (3) no condition or combination of conditions of pretrial release could mitigate that threat, based on the specific articulable facts of the case. We reverse and remand for a new hearing because the circuit court did not make the findings required by the Act to provide for meaningful review of its ruling that no condition or combination of conditions existed that could mitigate the real and present threat Zavala posed.

¶ 3                                    BACKGROUND

¶ 4 In December 2020, Zavala was charged with one count of predatory criminal sexual assault (720 ILCS 5/11-1.40(a)(1) (West 2018)) and one count of aggravated criminal sexual abuse (720 ILCS 5/11-1.60(c)(1)(i) (West 2018)) in case No. 21-CR-00889-01 ("case 889"). He was also charged in a separate case, No. 21-CR-00890-01 ("case 890"), with similar counts. On May 17, 2023, the circuit court granted Zavala's motion to dismiss in case 889, but the State filed a motion to reconsider, which remained pending at all times relevant to this appeal.

¶ 5 Following the enactment of the Act, Zavala filed a petition to grant pretrial release on November 6, 2023, in both cases. The State filed their petition for pretrial detention on November 27, 2023, also in both cases. The circuit court held a joint hearing on the petitions.

¶ 6     At the hearing, the State proffered regarding case 889 that from October 1, 2018, until November 22, 2020, Zavala touched the victim's vagina with his hands on multiple occasions. During this timeframe, Zavala was in his late 20s, while the victim was between the ages of four and six during the relevant timeframe. Zavala was the victim's stepfather. On November 22, 2020, the victim made an outcry to her older sister (the victim in case 890). On November 23, 2020, the older sister informed their mother about the victim's outcry. Zavala was also the older sister's stepfather.

¶ 7     Regarding case 890, the State proffered that also on November 23, 2020, the older sister, 10 years old at the time of the alleged incident, informed her mother that Zavala abused her on November 22, 2020. Specifically, the older sister told her mother that while she watched a movie with Zavala, he positioned himself behind her while a blanket covered her body. Zavala then put his hands in the victim's pants and underwear and touched her vagina. Zavala only stopped when the mother appeared.

¶ 8     The State concluded, "Your Honor, it is safe to assume that there are no condition or accommodation of conditions *** that can mitigate the risk." Counsel continued, "based on the allegations of this case and the fact that defendant has two stepdaughters, we would ask that you grant our petition for detention and deny defendant's petition for pretrial release."

¶ 9     Defense counsel proffered that Zavala had no criminal background and has been a model inmate since his arrest and detention. Additionally, counsel contended that the circuit court should consider that Zavala faced only one active case following the dismissal of case 889, though he acknowledged the motion to reconsider was pending. Additionally, counsel argued that the outcry by the older sister did not occur until the younger sister's outcry. Counsel suggested he had "several statements of [the] older sister denying it, saying nothing happened."

¶ 10    Regarding whether Zavala posed a real and present threat to a person, persons, or the community, counsel contended the State failed to demonstrate any specific risk Zavala posed. Counsel further argued that Zavala did not oppose any conditions placed on his release and electronic monitoring or GPS could be used to monitor his location, but acknowledged Zavala did not yet know where he would stay if the court granted pretrial release.

¶ 11    In rebuttal, the State explained the dismissal of case 889 was based on a jurisdictional issue of whether the events occurred in Indiana or Illinois. The State then commented that defense counsel appeared to argue "there are conditions that can prevent or ensure the safety of any person or persons in the community, and I guess [c]ounsel's saying that maybe having somebody watch defendant 24/7 to make sure he's not touching his daughters would be one of those conditions."

¶ 12    The circuit court found that the State had shown, by clear and convincing evidence, that the proof was evident, and the presumption great, that Zavala committed an eligible offense under 725 ILCS 5/110-6.1(a) (West 2022). The court did not specify to which charges in which cases this finding applied.

¶ 13    The court further found that Zavala posed a real and present threat to the safety of any person, persons, or the community based on specific articulable facts of the case. In so finding, the circuit court stated that Zavala "took advantage of these young girls that were in his care on multiple occasions, and I do understand the defense's argument. That one of those cases [has been] successfully argue[d] [on a] motion to dismiss before Judge Hooks. However, that case is still pending on the motions to reconsider." The court continued, "But even with regard to just the one case that's there's no argument still remains with regard to jurisdiction, I still find that the defendant poses a real and present threat to the safety of any person or persons or the community." It was not clear as to which case this finding applied.

¶ 14    Regarding mitigating conditions, the court stated, "I also find that there are no condition or combination of conditions [that] can mitigate the real and present threat to any person or persons or the community based on those same specific articulable facts of the case." The court concluded, "Because of that, I do find – I do order that the defendant remain detained during the pendency of this case." The court again did not specify to which case this finding applied.

¶ 15    The circuit court listed both case numbers on its written order for pretrial detention, dated November 27, 2023. In the written order, the court noted it found the proof was evident or presumption great that Zavala committed "predatory crim[inal] sex[ual] assault." Its findings that Zavala posed a threat were that Zavala, "fondled two different stepdaughters on 2+ different dates" and the "victims were between 6-10 years" old. Finally, in stating its finding about whether a condition or combination of conditions could mitigate the threat Zavala posed, the court wrote only, "see above."

¶ 16    On December 4, 2023, Zavala filed his notice of appeal using the form notice of appeal document.[1] In the notice, Zavala checked multiple boxes. First, Zavala checked the box indicating the State failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that he committed the charged offense. He explained, "Because [case 889] was dismissed, the State failed to meet its burden by clear and convincing evidence that the Defendant committed the offense."

¶ 17    Second, Zavala checked the box indicating the State failed to meet its burden of proving by clear and convincing evidence that he posed a real and present threat, arguing he had no criminal background, "no objection to GPS or EM monitoring," and the "alleged victims and their families

---

[1] On March 4, 2024, this court granted Zavala's "Motion to Amend Notice of Appeal and Consolidate" to include case No. 21 CR 0089001.

can be notified and kept abreast of Defendant's whereabouts." He continued that he can be ordered to stay away from children and was not charged with abusing "persons unknown to him."

¶ 18    Third, Zavala checked the box indicating the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat he posed. He reiterated that GPS and electronic monitoring would alleviate concerns about him contacting the alleged victims, and stated that during his incarceration, he never tried to contact the alleged victims or their mother.

¶ 19    In other sections of the notice of appeal form, Zavala noted he had a large family, strong ties to the community, and summarized generally, "[T]hree years awaiting trial is too long. Zavala was initially charged with child abuse to two victims. The Court dismissed one of the two cases. The remaining case does not allege continued abuse, but rather a one-time act. The fact that the Defendant has no criminal background should not be taken lightly."

¶ 20                                JURISDICTION

¶ 21    Zavala appeals from the circuit court's order of November 27, 2023. He filed his notice of appeal on December 4, 2023, and thus the notice was timely, and this court has jurisdiction per the Act. See 725 ILCS 5/110-6.1(j) (West 2022); Ill. S. Ct. R. 604(h) (eff. Dec. 7, 2023).

¶ 22                                ANALYSIS

¶ 23    Under the Act, a criminal defendant is presumed eligible for pretrial release, and cannot be detained pending trial unless the State files a petition for pretrial detention. 725 ILCS 5/110-6.1(a), (a)(1)-(8), (e) (West 2022). After the State files the petition, the circuit court must conduct a pretrial detention hearing, during which the parties can proceed by way of proffer to present the anticipated evidence of the case. *Id.* §§ 110-6.1(c)(2), (e), (f)(2). At the hearing, the State bears the burden to establish by clear and convincing evidence that "the proof is evident or the presumption

great that the defendant" committed the charged crime, and, in relevant part, that the defendant poses a "real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case," and that "no condition or combination of conditions *** can mitigate *** the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." *Id.* §§ 110-6.1(e)(1)-(3). If the court grants the State's petition, it must issue a written detention order "summarizing the court's reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or prevent the defendant's willful flight from prosecution." *Id.* § 110-6.1(h)(1).

¶ 24    Reviewing appellate court panels have disagreed thus far on the appropriate standard of review for claims arising under the Act. See *People v. Pitts*, 2024 IL App (1st) 232336, ¶ 14. We agree with those panels that have found a two-tiered standard of review appropriate, where, generally, the circuit court's findings of fact are reviewed under the manifest weight of the evidence standard, while the ultimate decision regarding pretrial detention is reviewed for abuse of discretion. See *Id.* ¶¶ 14-29; *People v. Castillo*, 2024 IL App (1st) 232315, ¶ 18. Zavala's claims generally arise from the court's factual findings as to the three requirements the State must prove under section 110-6.1(e) of the Act (725 ILCS 5/110-6.1(e)(1)-(3) (West 2022)), which we review under the manifest weight of the evidence standard. *Pitts*, 2024 IL App (1st) 232336, ¶¶ 14-29. Whether the circuit court's factual findings were against the manifest weight is reviewed for abuse of discretion, and the court must create a sufficient record to allow meaningful review. See *People v. Martin*, 2023 IL App (4th) 230826, ¶ 24. In reviewing the record, we may consider both the oral and written findings of the circuit court. *Castillo*, 2024 IL App (1st) 232315, ¶ 30.

¶ 25     We begin with Zavala's claim that the State did not establish by clear and convincing evidence that no condition or combination of conditions could mitigate the real and present threat he posed if released. Neither party nor the circuit court discussed mitigating conditions in the context of specific application to case 889 or case 890. During the hearing, the State's proffer on this issue consisted of the comment that "it is safe to assume that there are no condition or accommodation of conditions *** that can mitigate the risk," and its request for pretrial detention "based on the allegations of this case and the fact that defendant has *** two stepdaughters." Defense counsel proposed electronic monitoring or GPS tracking as possible conditions, along with an order requiring no contact with the victims or their family. Counsel acknowledged Zavala had not yet found a place to stay if granted release. The State's attorney responded that Zavala claimed, "there are conditions that can prevent or ensure the safety of any person or persons in the community, and I guess [c]ounsel's saying that maybe having somebody watch defendant 24/7 to make sure he's not touching his daughters would be one of those conditions." The circuit court found "no condition or combination of conditions can mitigate the real and present threat to any person or persons, or the community based on those same specific articulable facts of the case." The court offered no further comment and made no additional oral findings on this issue. In its written detention order, the court wrote in the section regarding the real and present threat Zavala posed that he, "fondled two different stepdaughters with two+ different dates" and the "victims were between 6-10 years" old. The court wrote only "see above" in the section regarding mitigating conditions.

¶ 26     We find that the circuit court abused its discretion by failing to create a sufficient record for this court to review its factual findings regarding mitigating conditions. Accordingly, we reverse the court's detention order in both case 889 and case 890, and remand for the court to hold

new pretrial detention hearings in both matters, at which it must make findings per the Act's requirements. The record provides no substantive basis whatsoever for the court's conclusion that no mitigating conditions existed, despite defense counsel specifically discussing multiple potential conditions of release in his proffer. See *Martin*, 2023 IL App (4th) 230826, ¶¶ 24-25. The court also made no specific findings in its written order, writing only "see above." This is in violation of the statutory requirement that the court "provide a written summary explaining why less restrictive conditions would not avoid a real and present threat to the safety of any person or the community." See *People v. Stock*, 2023 IL App (1st) 231753, ¶ 20 (citing 725 ILCS 5/110-6.1(h)(1) (West 2022)). This failure could potentially have been alleviated if the court made sufficient oral findings, but the record shows it made no specific findings about mitigating conditions during the hearing itself either. *Castillo*, 2024 IL App (1st) 232315, ¶ 30.

¶ 27    On this record, we do not know the basis for the circuit court's conclusion, in either case 889 or case 890, and thus cannot exercise meaningful review. As the court explained in *Martin*, "[w]hile the facts underlying the court's decision may well have been sufficient to deny defendant pretrial release on any combination of nonmonetary conditions, we cannot supply the missing conclusion; the Act requires that these matters be addressed by the trial court." *Martin*, 2023 IL App (4th) 230826, ¶ 24.

¶ 28    The State argues that the circuit court provided factual findings for its decision, but in support the State only cites to a passage in the report of proceedings that does not contain any findings by the court, on mitigating conditions or otherwise.

¶ 29    In closing, we acknowledge the challenges before the circuit court and the parties in conducting appropriate pretrial detention proceedings on Zavala's two matters. Case 889 and case 890 largely overlap both factually and with respect to the arguments for and against pretrial

detention, and the proper procedures under the Act for a joint pretrial detention hearing on multiple cases is anything but well-established. On remand, we urge the court to remember that Zavala is charged in two cases, and the State is requesting pretrial detention on both. This means the court must determine if Zavala should be detained on 889, 890, both, or neither. Additionally, in so determining, the court must make the factual findings required by the Act in both matters, with the required level of specificity, no matter how repetitive the findings may be across the cases.

¶ 30                                  CONCLUSION

¶ 31   Because the record lacks sufficient findings regarding mitigating conditions to permit meaningful review, we reverse the circuit court's pretrial detention order regarding both case 889 and case 890, and remand for new pretrial detention hearings in both matters, at which the court must make the required statutory findings. Zavala is to remain detained pending resolution of the new pretrial detention hearings on remand.

¶ 32   Reversed; remanded with instructions.