2024 IL App (1st) 240341U

SIXTH DIVISION

April 26, 2024

No. 1-24-0341B

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 2022-CR-0218801 |
| CHASTITY WILLIAMS, | ) ) | Honorable |
| Defendant-Appellant. | ) ) ) | Geraldine A. D'Souza, Judge, presiding. |

JUSTICE C.A. WALKER delivered the judgment of the court.
Justices Hyman and Tailor concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The circuit court's order denying defendant's pretrial release is affirmed where the court's findings that proof was evident and the presumption great that defendant committed the offense of first-degree murder, defendant posed a real and present threat to safety of the community, and no condition or combination of conditions for pretrial release could mitigate defendant's threat to the community were not against the manifest weight of the evidence, and the decision to detain was not an abuse of discretion.

¶ 2    Appellant Chastity Williams appeals the circuit court's order continuing her pretrial detention under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022), as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), and Public Act 102-1104, § 70 (eff. Jan 1, 2023) (commonly referred to as the "Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act" (Act)). On appeal, Williams argues the State failed to demonstrate through clear and convincing evidence: (1) the proof is evident or presumption great that she committed the offenses charged; (2) she poses a real and present threat to the safety of the community; and (3) no condition or combination of conditions could protect the community from any real and present threat posed by her release. Williams also states the court erred in its determination that there were no conditions of release that would reasonably ensure her appearance for later hearings. For the following reasons, we affirm.

¶ 3                                    BACKGROUND

¶ 4    Williams was arrested on January 18, 2022, and charged with six counts of first-degree murder (720 ILCS 5/9-1(a)) (West 2022)) and one count of conspiracy to commit aggravated battery (720 ILCS 5/8-2, 12-3.05(a)(1)) (West 2022). The circuit court initially denied bail on January 21, 2022, and Williams filed a petition for pretrial release on January 17, 2024. The State filed a responsive pleading on the same day, and the circuit court held a hearing on February 6, 2024.

¶ 5    The State proffered that on or about January 17, 2022, the victim and his girlfriend, codefendant Porter, had an argument. After leaving the apartment that she shared with the victim, Porter contacted Williams – her cousin – and stated that she was done with the victim. Subsequently, codefendant Tate was contacted and instructed "to beat up" the victim. On January 18, 2022, at 11:30 a.m., Porter and Williams went to the victim's apartment, but he was not home

at the time. Williams kept in contact with Tate via text messages regarding the victim's whereabouts.

¶ 6    The victim arrived at his apartment around 1:10 p.m., and Williams texted Tate advising that the victim was home and to enter the apartment through the back door. Then, Tate and Edwards – another codefendant – entered through the back door and shot the victim. The victim returned fire before getting into his vehicle and fleeing the apartment. Police found the victim three blocks away from the apartment lying in the street and transported him to the hospital, where he later died. Officers then arrived at the victim's apartment, where they found Williams caring for Tate, who was shot during the incident. Officers recovered three cellphones from the apartment, which showed the text messages between Williams and the codefendants.

¶ 7    At the detention hearing, the State argued because of her actions and the fact that officers found her at the apartment after the shooting with the cell phones, Williams posed a real and present threat to the safety of the victim's family. Williams argues that while the facts of the case show that she texted one of the codefendants to remove the victim from the apartment, she did not tell the codefendant to bring a gun or kill the victim. Williams has a prior conviction for aggravated robbery from 2018, but she alleges that she has not had any other convictions or interactions with police since.

¶ 8    Williams asserts that she is a lifelong resident of Cook County, and at the time of the incident, she worked at a packing company as a laborer and as a self-employed family and relationship advisor. She has two children, aged seven and five, who are currently residing with her elderly and infirm mother and stepfather. Before her arrest, Williams homeschooled her children and was their sole provider. While in detention, she completed several programs, such as the GED program. Williams argues that she should be granted pretrial release so that she can

3

continue to take care of her children as the case proceeds. She also asserted that she should be placed on electronic monitoring.

¶ 9    The circuit court granted the State's petition to continue detention finding proof is evident or the presumption great that Williams committed first-degree murder with a firearm; Williams posed a real and present threat to safety when she acted in concert to set up the victim for Tate and Edwards to enter his apartment and fatally shoot him; and no condition or combination of conditions could mitigate her threat to safety because Williams acted in response to issues brought to her by Porter and has a prior aggravated robbery conviction. This appeal followed.

¶ 10                                              JURISDICTION

¶ 11   Williams appeals from the circuit court's order of February 6, 2024. She filed this notice of appeal on February 15, 2024; thus, the notice was timely, and this court has jurisdiction. See 725 ILCS 5/110-6.1(j), 110-6.6 (West 2022); Ill. S. Ct. R. 604(h) (eff. Dec. 7, 2023).

¶ 12                                               ANALYSIS

¶ 13   Under the Code, all persons charged with an offense shall be eligible for pretrial release before conviction. 725 ILCS 5/110-2(a) (West 2022). Pretrial release may be denied upon a verified petition by the State and following a hearing. *Id.* § 6.1(a). At the hearing, the State bears the burden of proving by clear and convincing evidence: (1) the defendant committed an offense listed in the statute; (2) the defendant poses a real and present threat to the safety of any person, persons, or the community, based on the specific, articulable facts of the case; and (3) no condition or combination of conditions can mitigate that real and present threat or the defendant's willful flight. *Id.* § 6.1(e). Clear and convincing evidence is "that quantum of proof that leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition in question." *In re Tiffany W.*, 2012 IL App (1st) 102492-B, ¶ 12. If the circuit court determines that the defendant

4

should be denied pretrial release, the court is required to make a written finding summarizing its reasons for doing so. 725 ILCS 5/110-6.1(h)(1) (West 2022).

¶ 14   While appellate decisions conflict as to the precise standard of review for pretrial release orders from the circuit court, we agree with those panels that have found a two-tiered standard of review appropriate. *People v. Zavala*, 2024 IL App (1st) 232355-U, ¶24 (citing *People v. Castillo*, 2024 IL App (1st) 232315, ¶ 16-18). On appeal, the circuit court's findings of fact are reviewed under the "manifest weight of the evidence" standard. *Castillo*, 2024 IL App (1st) 232315, ¶ 17. A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented. *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). The circuit court's ultimate determination of pretrial release is reviewed for an abuse of discretion. *Castillo*, 2024 IL App (1st) 232315, ¶ 18. An abuse of discretion occurs where the circuit court's decision is arbitrary, unreasonable, or fanciful or where no reasonable person would have taken the position adopted by the circuit court. *People v. Becker*, 239 Ill. 2d 215, 234 (2010).

¶ 15   On her notice of appeal form, Williams checks off three boxes arguing the State failed to prove by clear and convincing evidence: (1) the proof is evident or the presumption great that she committed first-degree murder; (2) she poses a real and present threat to the safety of any persons or the community, based on the specific, articulable facts of the case; and (3) no condition or combination of conditions can mitigate that threat.

¶ 16   First, Williams claims the evidence shows she merely texted a codefendant asking him to remove the victim from the apartment. Williams postures that she did not tell anyone to bring a gun to the victim's apartment or shoot him. As such, Williams argues there was no evidence she committed first-degree murder.

¶ 17    In response, the State claims it establishes that Williams arranged for Tate "to beat up the victim" inside of his apartment. Williams instructed Tate and Edwards to enter the apartment "around the back" after the victim arrived. After the shooting, officers found Williams in the apartment and in possession of three cell phones that contained the text messages at issue. The State asserts that under the accountability statute, a person is legally accountable for the conduct of another when either before or during the commission of an offense, and with the intent to promote or facilitate that commission, he solicits, aids, or attempts to aid the other person in the planning or commission of the offense. 720 ILCS 5/5-2(c) (West 2022). Because Williams formulated a plan to have her codefendants "beat up" the victim and aided them by texting them to enter through the back door after the victim arrived, the State claims she is legally accountable for the shooting. The State argues Williams did not offer any evidence during the hearing that she merely texted her codefendant to remove the victim, yet even if they did, she is still accountable for any crime the codefendants committed inside of the apartment, citing *People v. Fernandez*, 2014 IL 115527, ¶ 19; *People v. Kessler*, 57 Ill. 2d 493, 497 (1974).

¶ 18    Under the Code, a person commits first-degree murder when he, acting alone or with other participants, commits or attempts to commit a forcible felony and while committing that felony, either he or another participant causes the death of a person. 720 ILCS 5/9-1(a)(3). Section 2-8 of the Code lists several offenses as a "forcible felony," including aggravated battery resulting in great bodily harm. *People v. Belk*, 203 Ill. 2d 187, 193 (2003). A person commits aggravated battery when, in committing a battery, other than by discharge of a firearm, he knowingly causes great bodily harm or permanent disability or disfigurement." 720 ILCS 5/12-3.05(a)(1) (2022). A felon is responsible for the direct and foreseeable consequences of his actions. *Belk*, 203 Ill. 2d at 192.

¶ 19    Here, the State's proffer establishes that on the day of the incident, Williams texted Tate on the whereabouts of the victim along with instructions for where to enter the apartment. In addition, officers found Williams in the apartment following the shooting and in possession of the phones that contained the text messages at issue. The circuit court considered these facts and found that the proof was evident or the presumption great that Williams committed first-degree murder.

¶ 20    While the theory raised by Williams is that she merely texted her codefendant to remove the victim from the apartment, it's important to note that the State's burden at this stage is not proof beyond a reasonable doubt. *People v. Pitts*, 2024 IL App (1st) 232336, ¶ 35. The question is whether the circuit court's finding was against the manifest weight of the evidence. The circuit court's finding was not against the manifest weight of the evidence because the cellphones found in the possession of Williams contained text messages to the other codefendants, and Williams admitted to texting them prior to the shooting.

¶ 21    Second, Williams claims the State failed to meet its burden of proving she poses a real and present threat based on the specific, articulable facts of the case. Williams claims she did not have or use a weapon at the time of the incident, nor did she cause harm to the victim. Williams notes that she only has one prior conviction for aggravated robbery. She states she has two young children who are homeschooled and are currently being cared for by her sick mother. Williams further highlights that she has participated in numerous programs while in prison. In response, the State notes the circuit court heard these arguments during the hearing and rejected them.

¶ 22    In determining whether a defendant poses a real and present threat to safety, the circuit court may consider a non-exhaustive list of factors, including the nature and circumstances of the charge; the defendant's prior criminal history; the age and physical condition of the defendant; and whether the defendant is known to possess or have access to weapons. 725 ILCS 5/110-6.1(g) (West 2022).

Here, the circuit court relied on the State's proffer which alleges Williams set up the victim and assisted her codefendants to enter the apartment undetected. The court reviewed her prior criminal history, which included a conviction for aggravated robbery. While considering her age and physical condition, the court observed that Williams has two young children, and noted her good behavior while detained. Finally, the court evaluated whether Williams was known to have access to weapons, reiterating that she is alleged to have assisted Tate and Edwards in entering the victim's apartment where they then shot him. After weighing these factors, the circuit court reasonably found that Williams posed a real and present threat to the safety of others. Based on the record before us, the circuit court's finding was not against the manifest weight of the evidence.

¶ 23   Finally, Williams asserts the State did not meet its burden to prove there are no conditions or combination of conditions that can mitigate her real and present threat. Williams claims that with her entire family, including her young children and elderly mother, living in Chicago, electronic monitoring can limit when she leaves her home. In response, the State notes that she is accused of first-degree murder shortly after being convicted of aggravated robbery. The State argues the circuit court reasonably found Williams required 24/7 monitoring based on her criminal history and the circumstances of the case.

¶ 24   On appeal of a pretrial detention order, the appellate court may consider an explicit and individualized oral ruling to determine whether the circuit court properly summarized its reasons for denying pretrial release. *Castillo*, 2024 IL App (1st) 232315, ¶ 30-31. At the detention hearing, the circuit court evaluated whether less restrictive conditions such as electronic monitoring or a curfew could mitigate the threat to safety. The court stated that based on her actions and the fact that the victim died, Williams requires 24/7 monitoring, which neither electronic monitoring nor curfew can provide. We do not find this ruling to be against the manifest weight of the evidence

because Williams is charged with first degree murder only a few years after having served a sentence for aggravated robbery. We hold that the circuit court's order to continue detention was not an abuse of discretion.

¶ 25                                    CONCLUSION

¶ 26  The circuit court's findings were not against the manifest weight of the evidence, and its decision to deny pretrial release was not an abuse of discretion.

¶ 27  Affirmed.